IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN D. LOWERY,

      Petitioner,                        No. CIV S-07-1425 LEW EFB P

    vs.

STATE OF CALIFORNIA, et al.,

      Respondents.                   FINDINGS & RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges an August 13, 2003, conviction in Butte County Superior Court, case number CM018359, which respondent argues is a conviction for simple misdemeanor battery, for which petitioner was sentenced to 90 days' jail time. Petitioner's federal application is challenging a misdemeanor conviction, and thus, the State of California does not have petitioner in custody based on offenses to which state prison time is at issue.  The court is therefore without jurisdiction to accord petitioner relief on his claims.  *See* 28 U.S.C. § 2254.

      Further, respondent correctly points out that petitioner has failed to name the proper respondent.  A petitioner seeking a writ of habeas corpus must name as respondent the person having custody over him.  28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases.

1

This person ordinarily is the warden of the facility where petitioner is confined. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Neither the State of California nor the Butte County Superior Court has day-to-day control over petitioner. Because petitioner was sentenced to three years' probation following the conviction at issue, the proper respondent would be the Butte County Probation Department and its employees. *See generally* Cal. Gov't Code §§ 27642, 27645 (describing the duties of county counsel in civil matters). Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. *Stanley,* 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is the probation or parole officer and the official in charge of the parole of probation agency or state correctional agency. *Id*.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction and for petitioner's failure to name the proper respondent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE